UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON COX,

               Plaintiff,

v.

ELDON VAIL, et al.,

               Defendants.

CASE NO. C12-5421 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 27), and Plaintiff Jason Cox's ("Cox") objections to the R&R (Dkt. 28).

On October 9, 2012, Judge Strombom issued the R&R recommending that the Court grant Defendants' motion to dismiss Cox's complaint with prejudice and without leave to amend. Dkt. 27. Judge Strombom found that Cox failed to state a claim for relief because the state prison did not violate Cox's constitutional rights when it denied him the opportunity to work in the prison's furniture factory. *Id*. Cox objects, arguing that he should be allowed leave to amend and that his constitutional rights were violated. Dkt. 28.

ORDER - 1

1    The district judge must determine de novo any part of the magistrate judge's
2 disposition that has been properly objected to. The district judge may accept, reject, or
3 modify the recommended disposition; receive further evidence; or return the matter to the
4 magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).
5    In this case, Cox's complaint should be dismissed without leave to amend.  First,
6 the majority of Cox's legal theories are based on the position that the prison's denial of a
7 particular job is a constitutional violation.  It is well established that there is no
8 constitutional right to any job, let alone a particular job, while incarcerated.  *See*
9 *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985).
10   Second, Cox was not denied his right to redress his grievances.  In fact, he alleges
11 that his grievances were accepted and processed.  Dkt. 5, ¶¶ 52–64.  The fact that Cox
12 does not agree with the administrators' decisions on the grievances does not give rise to a
13 constitutional violation.
14    Third, Cox's Supremacy Clause argument is premised on an incorrect reading of
15 *Haywood v. Drown*, 556 U.S. 729 (2009).  In *Haywood*, the Court held that New York's
16 attempt to divest its courts with jurisdiction over prisoner claims against correction
17 officers violated the Supremacy Clause.  *Id*.  In Washington, once a judgment is obtained
18 against a correction officer, the prisoner must seek satisfaction of the judgment against
19 the state.  RCW 4.92.075.  These are entirely different procedures and Cox has failed to
20 make any showing that Washington's procedure is unconstitutional in light of *Haywood.*
21   Fourth, Cox is not entitled to leave to amend his complaint because it is based on
22 erroneous legal theories.  On a 12(b)(6) motion, "a district court should grant leave to

1  amend even if no request to amend the pleading was made, unless it determines that the
2  pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss &*
3  *Liehe v. N. Cal.Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  No amendment can
4  cure Cox's legal deficiencies.
5       Therefore, the Court having considered the R&R, Cox's objections, and the
6  remaining record, does hereby find and order as follows:
7       (1)   The R&R is **ADOPTED**;
8       (2)   Defendants' motion to dismiss is **GRANTED**;
9       (3)   Cox's federal claims are **DISMISSED with prejudice**;
10      (4)   Cox's state claims are **DISMISSED without prejudice**;
11      (5)   Cox's *in forma pauperis* status is **REVOKED**; and
12      (6)   The Clerk shall close this case.
13      Dated this 20th day of November, 2012.

BENJAMIN H. SETTLE
United States District Judge